817 F.2d 105
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerome SUEING, Plaintiff-Appellant,
v.
Robert BROWN, Director; Susan Herman, Assistant Director
for Prisoner Affairs; Dale E. Foltz, Warden;
Herbert Grinage, Supervisor of Housing,
Defendants-Appellees.
 Nos. 86-1935, 86-1936.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1987.
 
 1
 Before ENGEL and BOGGS, Circuit Judges, and HOLSCHUH, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit, and upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff filed this action for injunctive, declaratory and monetary relief pursuant to 42 U.S.C. Sec. 1983 while incarcerated at the State Prison of Southern Michigan in Jackson. Plaintiff alleged that the prisoner mail policies of the Michigan Department of Corrections violated the First and Fourth Amendments. The district court sua sponte dismissed defendants Foltz, Herman and Grinage and plaintiff moved for reconsideration. Defendants then filed a motion to dismiss or for summary judgment and the district court granted summary judgment.
 
 
 4
 We affirm the district court's order because plaintiff has failed to allege the necessary constitutional violations required to sustain an action under 42 U.S.C. Sec. 1983. An examination of the record indicates that the regulations plaintiff complains of, PD-BCF-63.03, are narrowly tailored to meet the prison's needs of institutional security and order. The regulations are well-defined and place sufficient limitations on the discretion of the prison officials. Plaintiff had notice of these rules and took full advantage of the appeal and review process provided in the regulations. See Martin v. Kelley, 803 F.2d 236 (6th Cir.1986); Parrish v. Johnson, 800 F.2d 600, 603-604 (6th Cir.1986). Thus, under Wolff v. McDonnell, 418 U.S. 539 (1974) and Procunier v. Martinez, 416 U.S. 396 (1974), we find these regulations to be reasonable and constitutional. Furthermore, plaintiff has no reasonable expectation of privacy in his non-privileged mail which the Fourth Amendment would protect, see Hudson v. Palmer, 468 U.S. 517 (1984), and the prison's interest in maintaining security justifies the minor burden placed on plaintiff's freedom to communicate. As for plaintiff's privileged mail, he cannot be heard to claim a deprivation of his constitutional rights when the alleged deprivation has been created by plaintiff's failure to assert those rights as provided in the regulations by submitting a written request to prison officials to open privileged mail only in his presence. Therefore, we affirm the district court's order. Rule 9(b), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John D. Holschuh, U.S. District Judge for the Southern District of Ohio, sitting by designation